**IT IS ORDERED as set forth below:**

**Date: October 3, 2018**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-56312-WLH |
| JAPHETH JARED SMITH, | CHAPTER 7 |
| Debtor. | |
| JEFFREY B. WALZ, | ADVERSARY PROCEEDING NO. 17-5173-WLH |
| Plaintiff, | |
| v. | |
| JAPHETH JARED SMITH, | |
| Defendant. | |

1

## ORDER DENYING SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (the "Motion"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J), and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

### I.   FACTS

Defendant and others hosted and promoted events at nightclubs and other venues in the Atlanta area. Defendant sent blast texts to encourage others to attend these events. Between December 2012 and November 2015, Defendant used an automated system to send Plaintiff 112 text messages promoting such events. Plaintiff responded to the messages and requested Defendant to stop contacting him; he also registered on the national "do-not-call" registry. Defendant continued to contact Plaintiff.

In August 2015, Plaintiff named Defendant as a defendant in a lawsuit in DeKalb County Superior Court and alleged Defendant violated the Telephone Consumer Protection Act (the "TCPA")'s "robocall" and do not call restrictions by repeatedly sending him text messages after he asked Defendant to stop contacting him. No judgment was entered against Defendant, and the lawsuit was administratively closed on March 29, 2018.

Defendant filed a petition under chapter 7 of the Bankruptcy Code on April 4, 2017. Plaintiff filed the complaint on July 3, 2017 seeking a determination a debt owed to him is nondischargeable pursuant to section 523(a)(6) of the Bankruptcy Code and to deny Defendant a discharge pursuant to sections 727(a)(2), (a)(3), (a)(4), and (a)(5) of the Bankruptcy Code. On July 16, 2018, Plaintiff filed the Motion. Plaintiff asks the Court to find Defendant liable under the TCPA in the amount of $112,000 in actual damages, to treble the damages to $336,000, and to determine the claim is nondischargeable pursuant to section 523(a)(6). Plaintiff also seeks to deny

2

Defendant a discharge pursuant to section 727(a)(3) of the Bankruptcy Code for failing to keep records of compensation he received in exchange for promoting events. Defendant responded to the Motion, Plaintiff filed a reply in support of the Motion, and Defendant filed a sur-reply. For the reasons stated below, the Court denies the Motion.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The party moving for summary judgment has "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (*citing* Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553). What is required of the moving party, however, varies depending on whether the moving party has the ultimate burden of proof on the issue at trial. Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. *See* Fed. R. Civ. P. 56(e). Rather, the nonmoving party must present specific facts to demonstrate there is a

3

genuine dispute over material facts. Hairston, 9 F.3d at 918. When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. Id.

### III. DISCUSSION

#### a. The undisputed facts do not prove by a preponderance of the evidence Defendant committed a willful and malicious injury within the meaning of section 523(a)(6)

Plaintiff contends he has a claim that is nondischargeable as a matter of law pursuant to section 523(a)(6) of the Bankruptcy Code. A presumption exists that all debts owed by the debtor are dischargeable unless the party contending otherwise proves nondischargeability. 11 U.S.C. § 727(b). The purpose of this "fresh start" is to protect the "honest but unfortunate" debtors. U.S. v. Fretz (In re Fretz), 244 F.3d 1323, 1326 (11th Cir. 2001). The burden is on the creditor to prove an exception to discharge by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 287-88 (1991); St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 680 (11th Cir. 1993). Courts should narrowly construe exceptions to discharge against the creditor and in favor of the debtor. Equitable Bank v. Miller (In re Miller), 39 F.3d 301 (11th Cir. 1994); St. Laurent, 991 F.2d at 680.

Section 523(a)(6) excepts from discharge an individual's debts incurred by "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Section 523(a)(6) generally relates to torts and "may apply to a broad range of conduct causing harm to people . . . subject to the limitation the injury be "willful and malicious.'" 4 Alan N. Resnik & Henry J. Sommer, Collier on Bankruptcy ¶ 523.12 (16th ed. 2017).

The term "willful" means intentional and deliberate; "malicious" means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will." Lee v.

4

Ikner (In re Ikner), 883 F.2d 986, 991 (11th Cir. 1989); Chrysler Credit Corp. v. Rebhan, 842 F.2d 1257, 1263 (11th Cir. 1998), *abrogated on other grounds by* Grogan v. Garner, 498 U.S. 279 10 (1991); Sunco Sales, Inc. v. Latch (In re Latch), 820 F.2d 1163, 1166 n.4 (11th Cir. 1987). The debtor, through his acts, must have actually intended the *injury*, "not merely a deliberate or intentional *act* that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (emphasis in original). In other words, the debtor must have "desired the injury caused by his conduct." Atlanta Contract Glazing, Inc. v. Swofford (In re Swofford), Case No 08-20892-REB, AP No. 08-2053, 2008 Bankr. LEXIS 3900 at *2 (Bankr. N.D. Ga. Dec. 23, 2008). Not every intentional tort falls within the gamut of section 523(a)(6), Miller v. J.D. Abrams, Inc. (In re Miller), 156 F.3d 598, 604 (5th Cir. 1998) ("[m]erely because a tort is classified as intentional does not mean that any injury caused by the tortfeasor is willful"), and conduct that is reckless is simply not enough to obtain relief under section 523(a)(6). Smith v. Burgos (In re Burgos), Nos. 14-12874-WHD, 15-1020-WHD, 2015 Bankr. LEXIS 4311, at *6 (Bankr. N.D. Ga. Nov. 9, 2015). The plaintiff must show the debtor "had a subjective motive to inflict injury or believed his conduct was substantially certain to cause injury." Hot Shot Kids, Inc. v. Pervis (In re Pervis), 512 B.R. 348, 376 (Bankr. N.D. Ga. 2014). The debtor's subjective intent may be inferred from surrounding circumstances. Id.

Plaintiff contends Defendant willfully and maliciously injured him and violated the TCPA by repeatedly sending him text messages. Defendant concedes he may have acted recklessly in sending blast texts, but argues he did not send the messages to cause injury and he did not know the texts would inflict injury and, accordingly, his conduct does not meet the standard of section 523(a)(6).

5

The TCPA "was enacted to address certain invasive practices related to 'unrestricted telemarketing,' and is designed to protect consumers from receiving unwanted and intrusive telephone calls." Schweitzer v. Comenity Bank, 866 F.3d 1273, 1276 (11th Cir. 2017) (citing Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372 (2012)). The TCPA makes it unlawful to use "any automatic telephone dialing system or an artificial or prerecorded voice" to call "any telephone number assigned to a . . . cellular telephone service," without the express consent of the party being called. 47 U.S.C. § 227(b)(1).

The TCPA creates a private right of action under which a party can bring suit to recover its "actual monetary loss" or "to receive $500 in damages" per violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B). The TCPA is essentially a strict liability statute – it does not require any intent or actual injury for liability. The statute also allows a court to increase the compensatory award by up to three times in cases of willful or knowing violations. 47 U.S.C. §§ 227(b)(3) & 227 (c)(5); *see also* A Fast Sign Co., Inc. v. Am. Home Servs., Inc., 747 S.E.2d 205, 208-09 (Ga. App. 2012) (affirming treble damages under the TCPA). The statute does not require a trebling, but it permits an increase up to three times. *See* Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir. 2011).

In Baltimore-Washington Telephone Co. v. Horne (In re Horne), Adv. No. 10-4328, 2012 Bankr. LEXIS 3449 (Bankr. E.D. Tex. filed Apr. 11, 2012), a creditor filed a motion for summary judgment seeking a determination a debt owed by the debtor was excepted from the debtor's discharge pursuant to section 523(a)(6). The creditor held a judgment in which the state court found the defendant violated the TCPA and the Maryland Telephone Consumer Protection Act and the violations were repeated, willful, and knowing violations. The bankruptcy court found there was no genuine issue as to any material fact that the damages awarded to the creditor under

6

the TCPA and Maryland state law were nondischargeable pursuant to section 523(a)(6) and granted the creditor's motion.

Conversely, in <u>Alan Bau Invs. v. Horne (In re Horne)</u>, Nos. 10-42625, 10-4239, 2012 Bankr. LEXIS 1577 (Bankr. E.D. Tex. Apr. 11, 2012), the plaintiffs held a default judgment against the debtor based on violations of the TCPA and sought a determination the judgment was nondischargeable pursuant to section 523(a)(6). The bankruptcy court found the plaintiffs failed to demonstrate by a preponderance of the evidence the debtor either deliberately or intentionally inflicted injury on them or the debtor's actions created an objective substantial certainty of harm to plaintiffs. The court found plaintiffs failed to sustain their burden of proof to show the debt arose from a "willful and malicious injury" as contemplated by section 523(a)(6). The court noted the debtor had violated the TCPA in other instances and might not be a sympathetic figure but, nevertheless, exceptions to discharge must be protected and the burden of proof properly sustained.

In this case, as in <u>Horne</u>, Plaintiff has failed to demonstrate that the undisputed facts show by a preponderance of the evidence Defendant willfully and maliciously injured him. There has been no adjudication Defendant willfully and knowingly violated the TCPA; in fact, there has been no determination Defendant violated the TCPA at all. Defendant concedes he may have acted recklessly in sending Plaintiff blast texts, but he disputes he sent the messages to cause Plaintiff injury and Plaintiff has not established Defendant desired to injure him when he sent him the messages. Thus, disputed issues of fact remain including whether Defendant had a subjective motive to injure Plaintiff or believed his conduct was substantially certain to cause injury to Plaintiff. Accordingly, summary judgment is not warranted under section 523(a)(6).

**b. The undisputed facts do not prove Defendant failed to provide, maintain, and preserve adequate records under section 727(a)(3)**

Plaintiff seeks to deny Defendant a discharge under section 727(a)(3) of the Bankruptcy Code. One of the fundamental goals of the Bankruptcy Code is to relieve the "honest but unfortunate debtor" of his indebtedness, allowing him to make a financial "fresh start." Grogan v. Garner, 498 U.S. 279, 286-87 (1991); Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir. 1994). The Supreme Court has stated "a central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" Grogan, 498 U.S. at 286 (internal quotations and citations omitted). This fresh start is primarily accomplished through the discharge of debt. *See* S. Rep. No. 95-989, at 7 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5793 (section 727 is central to the fresh start policy). Generally, a chapter 7 debtor receives a complete discharge from most prepetition debts pursuant to section 727(b) of the Bankruptcy Code.[1]

Nonetheless, "[t]here is no constitutional right to obtain a discharge in bankruptcy, . . . [It] is a legislatively created benefit . . . ." U.S. v. Kras, 409 U.S. 434, 446-47 (1973); Siegel v Weldon (In re Weldon), 184 B.R. 710, 712 (Bankr. D.S.C. 1995) (discharge is not a matter of right, but rather a statutory privilege for honest debtors). The Bankruptcy Code limits the opportunity for a completely unencumbered new beginning to the "honest but unfortunate debtor," Grogan, 498 U.S. at 287, and section 727(a) of the Bankruptcy Code may be utilized to deny a discharge to dishonest

---

[1] Section 727(b) provides: "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . . ." 11 U.S.C. § 727(b).

8

debtors, however unfortunate. S. Rep. No. 95-989, at 7 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5793.

Because "the basic objectives underlying the hope of bankruptcy [is to] afford a bankrupt a new chance," Hughes v. Lieberman (In re Hughes), 873 F.2d 262, 263 (11th Cir. 1989), discharge provisions are construed liberally in favor of the debtor and strictly against the objecting party. Hunerwadel v. Dulock (In re Dulock), 250 B.R. 147, 153 (Bankr. N.D. Ga. 2000). The party objecting to discharge bears the burden of proving, by a preponderance of the evidence, the debtor's discharge should be denied. Fed. R. Bankr. P. 4005; In re Matus, 303 B.R. 660, 671 (Bankr. N.D. Ga. 2004). Moreover, "[t]he grounds for denial of discharge must be proven specifically, and the proof must be directed at the transfer or concealment alleged. A debtor should not be denied a discharge on 'general equitable considerations.'" Dulock, 250 B.R. at153 (citing Rice v. Matthews, 342 F.2d 301, 304 (5th Cir. 1965)).

Plaintiff seeks to deny Debtor's discharge pursuant to section 727(a)(3) of the Bankruptcy Code, which provides a debtor must provide, maintain, and preserve adequate records. Section 727(a)(3) states:

The court shall grant the debtor a discharge, unless—

> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

11 U.S.C. § 727(a)(3). The policy underlying section 727(a)(3) is to ensure the trustee and the creditors receive sufficient information to effectively enable them "to trace the debtor's financial history, to ascertain the debtor's financial condition, and to reconstruct the debtor's business transactions." Kohn v. Frommann (In re Frommann), 153 Bankr. 113, 116 (Bankr. E.D.N.Y.

9

1993) (internal citations omitted). To construct a *prima facie* case under section 727(a)(3), the creditor objecting to discharge must show (1) the debtor failed to provide, maintain, and preserve adequate records, and (2) such failure makes it impossible to ascertain the debtor's financial condition and material business transactions. Meridian Bank v. Alten, 958 F.2d 1226, 1232 (3d Cir. 1992); *see also* Butler v. Liu (In re Liu), 288 B.R. 155, 161 (Bankr. N.D. Ga. 2002). If the creditor satisfies his burden on these factors, the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records. In re Cox, 41 F.3d 1294, 1297 (9th Cir. 1994); Meridian Bank, 958 F.2d at 1230-31.

The Bankruptcy Code does not require a debtor seeking a discharge to maintain any specific documents, nor does it require an impeccable system of bookkeeping. Meridian Bank, 958 F.2d at 1230; In re Decker, 595 F.2d 185, 187 (3d Cir. 1979). Whether a debtor's records are sufficient is within the court's discretion, and courts will not deny a debtor his discharge simply because a plaintiff does not like that books or records were kept in certain way. *See* Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 354-55 (4th Cir. 2007) (explaining perfect records are not required). For example, in Chaudhry v. Usoskin (In re Usoskin), 56 B.R. 805 (Bankr. E.D.N.Y. 1985), the debtor provided invoices, receipts, a box full of cancelled checks, and bank statements. Id. at 816. A creditor objected to the debtor's discharge under section 727(a)(3). The court explained bankruptcy law requires a debtor keep and preserve records from which his financial condition can be ascertained; a debtor is not required to keep receipts in any specific form. That the creditor may have been dissatisfied with the records produced did not mean they were insufficient. Id. at 815-16; *see also* Underhill, 82 F.2d 258, 259 (2d Cir.), *cert. denied*, 299 U.S. 546 (1936) ("the law . . . does not require that [records] shall be kept in any special form of accounts"). Even if a debtor keeps no books, the debtor should receive a discharge if the debtor's

10

financial condition and business transactions can be ascertained from available records. 6 Collier on Bankruptcy ¶ 727.03[3][c].

The burden is on the plaintiff to point to specific records that were not kept and to demonstrate why such records were necessary to ascertain the debtor's financial affairs. Robertson v. Dennis (In re Dennis), 330 F.3d 696, 703 (5th Cir. 2003); Lansdowne v. Cox (In re Cox), 41 F.3d 1294, 1296 (9th Cir. 1994) (it is the creditor's burden to show the debtor failed to maintain and preserve adequate records). A court will not deny a debtor a discharge where the plaintiff fails to identify missing documents. Barristers Abstract Corp. v. Caulfield (In re Caulfield), 192 B.R. 808 (Bankr. E.D.N.Y. 1996). For example, in Olympic Coast Inv., Inc. v. Wright (In re Wright), 364 B.R. 51 (Bankr. D. Mont. 2007), the creditor stated in conclusory fashion the debtors' documents were inadequate. The bankruptcy court concluded the creditor failed to satisfy its burden to show the debtors failed to keep and preserve adequate business records; the district court agreed. It was the creditor's burden to show the debtors' records did not suffice, and the creditor failed to offer any evidence and argument on the point. Olympic Coast Inv., Inc. v. Wright (In re Wright), No. CV 07-053-GF-SHE, 2008 U.S. Dist. LEXIS 3347, at *3-4 (D. Mont. Jan. 15, 2008), *aff'd* 340 Fed. Appx. 422, 423-424 (9th Cir. 2009).

Plaintiff has not met his burden to show the debtor failed to maintain and preserve adequate records. Plaintiff contends Defendant failed to keep records of compensation he received in exchange for promoting events. Even if such records were not maintained, however, Plaintiff has not established with undisputed facts that such records were necessary to ascertain the debtor's financial affairs. Further, Defendant contends he did not keep records relating to his efforts to promote events because he promoted events as a hobby, not as a business. Plaintiff has failed to establish there is no genuine issue of material fact the debtor failed to provide, maintain, and

11

preserve adequate records and such failure makes it impossible to ascertain the debtor's financial condition and material business transactions. Accordingly, summary judgment is not warranted under section 727(a)(3) claim.

### IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** the Motion is **DENIED**.

The Clerk's Office is directed to serve a copy of this order on Plaintiff, Plaintiff's counsel, Defendant, Defendant's counsel, and the United States Trustee.

**END OF DOCUMENT**