**IT IS ORDERED as set forth below:**



**Date: June 4, 2019**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-56312-WLH |
| JAPHETH JARED SMITH, | CHAPTER 7 |
| Debtor. | |
| JEFFREY B. WALZ, | ADVERSARY PROCEEDING NO. 17-5173-WLH |
| Plaintiff, | |
| v. | |
| JAPHETH JARED SMITH, | |
| Defendant. | |

1

**ORDER**

**THE MATTER** before the Court in this discharge and dischargeability case was raised by Plaintiff in a proposed Consolidated Pre-Trial Order (Doc. No. 32) (the "PTO") submitted on April 3, 2019, and at a pre-trial conference held on April 25, 2019. Plaintiff requested the Court hold a jury trial and that the Court abstain from hearing this matter to allow the state court to decide the underlying claim of liability. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) & (J) and the Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

## I.    FACTS

Defendant and others hosted and promoted events at nightclubs and other venues in the Atlanta area. Defendant sent blast texts to encourage others to attend these events. Between December 2012 and November 2015, Defendant used an automated system to send Plaintiff 112 text messages promoting such events. Plaintiff responded to the messages and requested Defendant to stop contacting him; he also registered on the national "do-not-call" registry. Defendant continued to contact Plaintiff.

In August 2015, Plaintiff named Defendant as a defendant in a lawsuit in DeKalb County Superior Court and alleged Defendant violated the Telephone Consumer Protection Act (the "TCPA")'s "robocall" and do not call restrictions by repeatedly sending him text messages after he asked Defendant to stop contacting him. No judgment was entered against Defendant before his bankruptcy filing, and the lawsuit was administratively closed on March 29, 2018.

Defendant filed a petition under chapter 7 of the Bankruptcy Code on April 4, 2017. Plaintiff filed the complaint on July 3, 2017 seeking a determination a debt owed to him is nondischargeable pursuant to section 523(a)(6) of the Bankruptcy Code and to deny Defendant a discharge pursuant to sections 727(a)(2), (a)(3), (a)(4), and (a)(5) of the Bankruptcy Code.

2

Plaintiff moved for summary judgment and asked the Court to find Defendant liable under the TCPA in the amount of $112,000 in actual damages, to treble the damages to $336,000, and to determine the claim is nondischargeable pursuant to section 523(a)(6), and to deny Defendant a discharge pursuant to section 727(a)(3) of the Bankruptcy Code for failing to keep records of compensation he received in exchange for promoting events. The Court found it was disputed as to whether Defendant willfully and knowingly violated the TCPA and whether Defendant failed to keep records of compensation he received for promoting events and such records were necessary to ascertain his financial affairs. Accordingly, the Court denied summary judgment.

The Court held a status hearing on February 14, 2019, during which the parties announced the case was ready for trial. On April 3, 2019, the parties submitted the PTO. For the first time, the parties raised questions about a jury trial and provided information as if a jury trial would be held. Neither party ever requested a jury trial.

The Court held a pre-trial conference on April 25, 2019. After hearing argument from counsel, the Court gave the parties time to submit briefs addressing: 1) whether Plaintiff waived his right to a jury trial by failing to timely file a demand, 2) whether a jury trial is warranted, and 3) whether the Court should abstain from hearing the case. Having read and considered the papers submitted by the parties, the Court finds Plaintiff waived his right to a jury trial, a jury trial is not warranted, and abstention is not appropriate in this case.

## II. ANALYSIS

### a. <u>Plaintiff waived his right to a jury trial</u>

Federal Rule of Civil Procedure 38(b), incorporated by Bankruptcy Rule 9015(a), provides:

On any issue triable of right by a jury, a party may demand a jury trial by:

> (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served[.]

Fed. R. Civ. P. 38(b).

The right to a jury trial is not self-enforcing. A jury trial must be demanded pursuant to the provisions of Rule 38. Inaction may result in a waiver of the right. See Velde v. Christenson, No. Civ. 10-3760 MJD/LIB, 2013 WL 1900461 (D. Minn. Feb. 27, 2013), report and recommendation adopted, No. CIV. 10-3760 MJD/LIB, 2013 WL 1899930 (D. Minn. May 7, 2013) (jury trial waived by failure to file demand within Rule 38(b) deadline); see also Gradco Corp. v. Blankenship (In re Blankenship), 408 B.R. 854, 864–65 (Bankr. N.D. Ala. 2009).

To demand a jury trial, the party must serve a written demand on the other parties at any time after commencement of the action, but not later than 14 days after service of the last pleading directed to the issue. The only pleadings that may qualify as the "last pleading" are (1) a complaint, (2) an answer, (3) a reply to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint and (6) a third-party answer. Webb v. White (In re White), 222 B.R. 831 (Bankr. E.D. Tenn. 1998) (citing McCarthy v. Bronson, 906 F.2d 835, 840 (2d Cir. 1990), aff'd, 500 U.S. 136 (1991)). The demanding party must also file the demand in accordance with the provisions of Bankruptcy Rule 5005. The demand may be included in a pleading.

Plaintiff's demand is untimely. The last pleading filed in this adversary proceeding was Defendant's answer, filed on August 2, 2017. Plaintiff did not serve a written demand within 14 days as required by Rule 38. Rather, Plaintiff included questions regarding a jury in the PTO filed on April 3, 2019, 20 months after Defendant filed his answer. Plaintiff never requested a jury trial by motion. Plaintiff waived his right to a jury trial by failing to timely file a demand.

### b. A jury trial is not warranted

Plaintiff acknowledges he did not timely demand a jury trial. Nevertheless, Plaintiff contends the Court should exercise its discretion pursuant to Federal Rule of Civil Procedure 39, incorporated by Bankruptcy Rule 9015, to order a jury trial. The rule provides a delay in requesting a jury trial may be excused if a party later files a motion requesting a jury trial. It states:

> Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

Fed. R. Civ. P. 39(b). Plaintiff has not filed a motion. Furthermore, even if the Court were to construe Plaintiff's request in the PTO as a motion, it does not appear ordering a jury trial is warranted.

In determining whether to order a jury trial pursuant to Rule 39(b), courts should consider all the circumstances. Members v. Paige, 140 F.3d 699, 703 (7th Cir. 1998). When the deadline in Rule 38(b) passes, there is a presumption against a jury trial, and the court may thereafter "require a litigant who asks belatedly for a jury trial to offer a reason for not meeting the deadline[.]" Id. Courts consider and balance several factors to determine whether to allow a jury trial including: (1) whether the issues involved are appropriately tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of the delay; and (5) the reason for the moving party's tardiness in demanding a jury trial. J.P. Morgan Partners v. Kelley (In re HA-LO Indus.), 326 B.R. 116, 121-22 (Bankr. N.D. Ill. 2005) (citations omitted). Plaintiff has not offered a reason for missing the deadline, and Plaintiff has not addressed any of these factors. Nonetheless, the Court finds the factors weigh against allowing a jury trial here.

The first factor, whether the issues involved are appropriately tried before a jury, weighs against a jury trial because there is no right to a jury trial in section 523 and 727 actions.

5

Proceedings concerning the nondischargeability of debts are equitable in nature and therefore "[b]ankruptcy litigants . . . have no Seventh Amendment right to a jury trial in dischargeability proceedings." In re Hashemi, 104 F.3d 1122, 1124 (9th Cir. 1996); In re Hallahan, 936 F.2d 1496, 1505 (7th Cir. 1991) ("[A] dischargeability proceeding is a type of equitable claim for which a party cannot obtain a jury trial."). While a debtor may have a right to a jury trial as to the liability and amount of a debt, a debtor does not have a right to a jury to determine the dischargeability of a particular debt. U.S. v. Stanley, 595 F. App'x 314, 320-21 (5th Cir. 2014). Moreover, the Bankruptcy Court has jurisdiction to liquidate any debt owed to the Plaintiff and enter judgment for Plaintiff in the context of a dischargeability action. See Blankenship, 408 B.R. 854, 865-67 (Bankr. N.D. Ala. 2009); Pioneer Credit Co. v. Detamore (In re Detamore), No. 04-78987, 2005 WL 6486098, *3 (Bankr. N.D. Ga. Sept. 27, 2005). While the underlying claim may be triable by a jury, Plaintiff did not timely ask for a jury and did not seek relief from the stay to continue litigation in state court. There is also no right to a jury trial in a proceeding to deny a debtor his discharge. Murphy v. Felice (In re Felice), 480 B.R. 401, 435 (Bankr. D. Mass. 2012) (explaining a proceeding to deny discharge sounds in equity).

The second factor, whether the court's schedule or that of the adverse party will be disrupted, neither weighs in favor of or against a jury trial. On the one hand, the parties have completed discovery, filed dispositive motions, and submitted a proposed pretrial order. On the other hand, the Court has yet to set a trial date.

The third factor, the potential prejudice to the Defendant, does not weigh in favor of or against a jury trial. Defendant opposes litigating the matter in state court and argues that the cost of a jury trial is prohibitive, but it is not evident Defendant would be legally prejudiced by a jury trial as to liability and amount of the debt allegedly owed to Plaintiff.

The fourth factor, the length of delay, is significant and weighs against ordering a jury trial in this case. The last pleading filed in this adversary proceeding, Defendant's answer, was filed on August 2, 2017. Plaintiff did not serve a written jury demand within 14 days as required by Rule 38. In fact, he has never filed a written demand for a jury trial. Rather, Plaintiff included questions regarding a jury in the PTO 20 months after the last pleading was filed. Plaintiff has been a vigorous and seemingly willing participant in nearly two years of litigation in this Court and Plaintiff's actions throughout this adversary proceeding have been inconsistent with an intention to seek a jury trial, including filing a motion for summary judgment and proposed PTO. Now that the case is ready for trial in the Bankruptcy Court in the next several months, Plaintiff asserts proceedings in this Court should be stayed as he has a right to a jury trial, which cannot be held in this Court without the express consent of all the parties. 28 U.S.C. § 157(e). Defendant has not consented to this Court holding a jury trial. Staying these proceedings to allow a state or district court to resolve the matter would inevitably result in a delay while the court spends the necessary time to become acquainted with the suit and try the case. Because this Court is very familiar with the facts and issues in this proceeding, adjudication in this Court will not delay a resolution of this adversary proceeding.

Finally, the fifth factor, the reason for Plaintiff's delay, weighs against allowing a jury trial because Plaintiff has failed to offer any reason for his failure to request a jury a trial in a timely and correct fashion.

The deadline in Rule 38(b) has long since passed and Plaintiff has failed to file a motion and failed to demonstrate a jury trial is warranted. He has not rebutted the presumption against granting a jury trial and, accordingly, the Court declines to exercise its discretion to order a jury trial.

### c. **Abstention is not appropriate**

Finally, Plaintiff asks the Court to abstain from hearing this case and allow the state court to determine liability and damages. Plaintiff contends that a motion for summary judgment was pending in state court when Debtor filed his case. Plaintiff states summary judgment was entered against one co-defendant and two other co-defendants were dismissed from the case. No one provided the Court with copies of the state court pleadings.

Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for state law." Id. Courts may exercise their authority to abstain *sua sponte*. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992). Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of related proceedings commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002).

These factors weigh against abstention here. First, state law issues do not predominate the bankruptcy issues in this matter. This Court has exclusive jurisdiction over the dischargeability

8

issues in this proceeding. Moreover, this Court has subject matter jurisdiction in this proceeding to determine Defendant's liability to the plaintiff, liquidate any debt owed by the defendant to the plaintiff, and enter a money judgment against the defendant. See Blankenship, 408 B.R. at 865-. In an action brought under 11 U.S.C. § 523, an element of the plaintiff's prima facie case is proving the existence of a debt. Detamore, 2005 WL 6486098 at *3. A court must make a determination of what specific debt is or is not dischargeable. Id. It is not surprising that under section 523 bankruptcy courts have subject matter jurisdiction to liquidate underlying claims and must often do so to make a ruling on the section 523 claim. See id. Further, this is a "core proceeding" arising under title 11, 28 U.S.C. §§ 157(b)(2)(I) & (J), and closely relates to Defendant's pending bankruptcy case.

The presence of related proceedings in the DeKalb County Superior Court also does not weigh heavily in favor of abstention. The issue of the liability and amount of debt owed by Defendant was previously before the DeKalb Superior Court. A motion for summary judgment was pending when Defendant filed for bankruptcy relief. However, no judgment was entered against Defendant, and it is not clear whether the parties had fully briefed the issues; if additional briefing is needed, it will undoubtedly increase time and expense. Thus, the presence of related proceedings does not weigh strongly in favor of abstention.

Finally, abstention will not prejudice any party; if anything, this case can be managed more efficiently in this Court. Trial courts have an "unquestionable authority to control their own dockets," including "broad discretion in deciding how best to manage the cases before them." Barber v. Am.'s Wholesale Lender, 289 F.R.D. 364, 366 (M.D. Fla. 2013) (citations omitted). This discretion "should be exercised 'so as to achieve the orderly and expeditious disposition of cases.'" Id. (citation omitted). While the matter may or may not be ready for resolution in the

9

DeKalb Superior Court, the parties have completed discovery in this adversary proceeding, the Court has already considered and ruled on dispositive motions, and the Court is prepared to try the remaining issues. Resolving all Plaintiff's claims in this Court can be done in an efficient and expeditious manner.

For these reasons, the Court declines to exercise its discretion to abstain from hearing this adversary proceeding.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** Plaintiff's request for a jury trial is **DENIED.**

**IT IS FURTHER ORDERED** the parties are directed to file an amended proposed consolidated pretrial order removing all references to a jury and jury trial no later than **30 days** after the entry of this order.

**END OF DOCUMENT**

**Distribution List**

Patricia Lyda Williams
The Williams Law Office, LLC
3675 Crestwood Parkway, Suite 400
Duluth, GA 30096

Japheth Jared Smith
2770 Tradd Ct
Snellville, GA 30039-4942

Cliff R. Dorsen
Skaar & Feagle, LLP
2374 Main Street Suite B
Tucker, GA 30084

Jason L. Pettie
P.O. Box 17936
Atlanta, GA 30316

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

11